UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

High Five Threads, Inc.,

a Michigan corporation,                                          Case No.

        Plaintiff,

  v.

Michigan Farm Bureau,

a Michigan corporation;

MFB, Inc.,

A Michigan corporation;

Michigan Farm Bureau Financial Corporation,

A Michigan corporation;

        Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

FOR ITS COMPLAINT in this matter, Plaintiff, High Five Threads, Inc., by and through its attorneys, Revision Legal, PLLC, states as follows:

### I.    INTRODUCTION

1. This is an action for trademark infringement, trade dress infringement, copyright infringement, and unfair competition against Defendants. High Five Threads, Inc. seeks redress for a variety of claims arising out of Michigan Farm Bureau's willful use of trademarks and logo designs substantially similar to High Five Threads' logo design and

trademarks in a way that has caused actual consumer confusion and has damaged the goodwill associated with High Five Threads' business.

## II.     PARTIES, JURISDICTION, AND VENUE

2. Plaintiff High Five Threads, Inc. ("High Five Threads") is a Michigan corporation with its principal place of business in Traverse City, Michigan.

3. Defendants Michigan Farm Bureau, MFB, Inc. and Michigan Farm Bureau Financial Corporation, ("Michigan Farm Bureau") are Michigan corporations all with a registered address of 7373 W Saginaw Hwy, Lansing, MI, 48917.

4. Defendants offer insurance sales and related services throughout the State of Michigan.

5. This Court has subject matter jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 and 1338 because this civil action arises under the Lanham Act, and pursuant to 17 U.S.C. § 411, 28 U.S.C. § 1338(a) and (b), 28 U.S.C. § 1331, and 15 U.S.C. § 1121.

6. This court has supplemental jurisdiction over High Five Thread's state law claims under 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. This Court has general personal jurisdiction over Defendants consistent with MCL § 600.711 because Defendants, through presence within this judicial district and by completing sales throughout this state, have continuous and systematic contacts with the State of Michigan, have carried on a continuous and systematic part of its general business within this state, have purposefully availed itself of the privilege of acting in this state or causing a consequence in this state, the cause of actions asserted in this Complaint arise from the Defendants' activities in this state, and Defendants have a

substantial enough connection with this state to make the exercise of jurisdiction reasonable.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district and because the exercise of jurisdiction by the Court over Defendant is proper.

## II.   STATEMENT OF FACTS

### A. Plaintiff's Business and Trademarks

9. High Five Threads operates online and physical retail stores that sell unique apparel and novelty items including Michigan-themed and fun t-shirts, sweatshirts, hats, keychains, can cozies, stickers, mugs and pins, among other items.

10. High Five Threads operates a physical retail store located in the The Village at Grand Traverse Commons at 800 Cottageview Dr., Suite 35, Traverse City, Michigan 49684 as well as an online retail store located at [www.highfivethreads.com](www.highfivethreads.com).

11. High Five Threads' products and services are marketed under and bear their original, iconic, high five design ("High Five Design"):



12. High Five Threads designed the High Five Design in 2011 and has used it as a trademark and as an ornamental design on their products and services in commerce continuously since then.

13. High Five Threads owns trademark registration no. 4,287,877 and USPTO serial no. 90/004,147 for their trademarks  and respectively.

14. High Five Threads also owns Copyright Registration no. VA0001844573 for their two hands design.

15. High Five Threads' brand is an iconic and beloved Michigan inspired brand that has created and maintains goodwill among consumers throughout the country.

16. On or about March 20, 2020, in response to the COVID19 crisis, High Five Threads launched a campaign to give back to businesses and individuals who were financially impacted by Governor Whitmer's Stay Home Stay Safe orders and strict public health guidelines. High Five Threads advertised this project on their website and social media accounts ("Good People Campaign"). Exhibit A – Good People Campaign Facebook Post.

17. The Good People Campaign is intended to bolster the hospitality, restaurant and tourism industry workers in the wake of the Coronavirus pandemic through the donation by High Five Threads of 100% of the net proceeds from the sale of special t-shirts designed specifically to promote the strength of the Northern Michigan economy.

## B. Defendants' willful infringement

18. Defendants sell insurance and offer related services throughout the State of Michigan.

19. Sometime in April, after High Five Threads launched the Good People Campaign, Defendants launched their Economic Give Back campaign ("Defendants' Campaign") using the below design as a main component of the advertising materials.



20. Defendants' Campaign purports to support Michigan restaurants who were financially impacted by Governor Whitmer's Stay Home Stay Safe orders and strict public health guidelines.

21. A comparison of the two "hand designs" highlights the fact that Defendants' Campaign's hand outline design element and logo mark ("Infringing Design") is clearly substantially similar to the High Five Design.

Defendant's Infringing Design:          Plaintiff's High Five Design:




22. Defendants' use of the Infringing Design next to the phrase "Were in this together Michigan" creates a false association with High Five Threads and is misleading to consumers. It is highly likely that consumers will associate the Infringing Design with

High Five Threads and believe that High Five Threads somehow sponsored or partnered with Defendants for their Campaign.

23. On April 27, 2020, counsel for Plaintiff sent a letter to Defendants informing them of Plaintiff's allegations that the Infringing Design infringes Plaintiff's rights in the High Five Design.

24. Despite subsequent conversations between counsel for Plaintiff and counsel for Defendants, Defendants remained unwilling to consider any reasonable resolution and refused to cease their use of the Infringing Design.

25. Defendants have continued to use and expand their use of the Infringing Design in their marketing including on their website, on social media, in print mailings, on television commercials, on billboards, and consumer goods including on stickers.

26. Defendants' stickers bearing the Infringing Design and distributed in packaging bearing the Infringing Design used as a trademark is a good example of the overwhelming breadth of Defendants' copyright and trademark infringement:

Defendants' Infringing Sticker Product Packaging:



Defendant's Sticker                                                                                   Plaintiff's Sticker




27. Defendants' were aware of High Five Threads' trademark rights and copyrights at least as early as April 27, 2020 and, despite this knowledge, continued using the infringing design.

28. The Infringing Design used on Defendants' Campaign is substantially similar to Plaintiffs' High Five Design.

29. Defendants' use of the Infringing Design is likely to cause confusion among consumers given Plaintiff's priority and superior rights in the High Five Design.

30. Defendants' use of the Infringing Design constitutes willful trademark infringement under the Lanham Act and at common law.

31. Defendants' use of the Infringing Design constitutes willful unfair competition.

32. Defendants' use of the Infringing Design constitutes copyright infringement.

### C. Injury to Plaintiff and Consumers

33. Defendants' actions described above have damaged and irreparably harmed High Five Threads.

34. If allowed to continue advertising and providing services under the Infringing Design, Defendants will further damage and injure High Five Threads' reputation and the goodwill associated with the High Five Design, which is well-known to the relevant consumers as source identifiers for high-quality goods and services.

35. If allowed to continue advertising and moving forward with Defendants' Campaign under the Infringing Design, Defendants will continue to create actual confusion and a significant likelihood of consumer confusion that will irreparably harm the public and its interest in being free from confusion.

36. High Five Threads has no adequate remedy at law.

37. Defendants knew or should have known that its activities described above constitute trademark infringement, copyright infringement, and unfair competition.

38. Defendants acted knowingly and willfully in reckless disregard for High Five Threads' trademark rights and copyrights.

## FIRST CLAIM FOR RELIEF
### False Designation of Origin and Trademark Infringement
### Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

39. High Five Threads restates all prior paragraphs as if fully restated herein.

40. Defendants' actions as described above have caused actual confusion and are likely to continue to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' products and commercial activities, and therefore constitute trademark infringement, false designation of origin, and unfair competition in violation of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

41. Defendants' actions described above have, at all times relevant to this action, been willful.

42. As a foreseeable, direct, and proximate cause of Defendants' above-described actions, High Five Threads has been and will continue being irreparably damaged.

43. High Five Threads has no adequate remedy at law.

44. High Five Threads is entitled to the recovery of Defendants' profits, High Five Threads' actual damages, and the costs of this action.

45. High Five Threads is also entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

46. High Five Threads is also entitled to his attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

## SECOND CLAIM FOR RELIEF
### Trademark Infringement
### Under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

47. High Five Threads restates all prior paragraphs as if fully restated herein.

48. Defendants' actions as described above have caused actual confusion and are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' products and commercial activities, and therefore constitute trademark infringement, false designation of origin, and unfair competition in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49. Defendants' actions described above have, at all times relevant to this action, been willful.

50. As a foreseeable, direct, and proximate cause of Defendants' above-described actions, High Five Threads has been and will continue being irreparably damaged.

51. High Five Threads has no adequate remedy at law.

52. High Five Threads is entitled to the recovery of statutory damages, Defendants' profits, High Five Threads' actual damages, and the costs of this action.

53. High Five Threads is also entitled to preliminary and permanent injunctive relief.

54. High Five Threads is also entitled to its reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement, Misappropriation, Unfair Competition, and Deceptive Trade Practices

55. High Five Threads restates all prior paragraphs as if fully restated herein.

56. High Five Threads is the owner of the High Five Design trademark.

57. High Five Threads has continuously and exclusively used the High Five Design trademark in association with the online and physical retail store services and consumer goods since as early as July 2011.

58. High Five Threads has continuously used the High Five Design trademark with their give back campaign services since at least as early as March 2020.

59. High Five Threads is also the owner of a trademark registration for a logo design with the High Five Design as a dominant component with the United States Patent and Trademark Office.

60. High Five Threads is also the owner of a pending application for trademark registration of the High Five Design alone with the United States Patent and Trademark Office.

61. Through his longstanding and exclusive use of the High Five Design mark in commerce in association with its goods and services, High Five Threads has acquired common law trademark rights in and to the High Five Design mark.

62. Defendants have falsely designated the origin and source of their goods by running Defendants' Campaign, and manufacturing and distributing stickers bearing the Infringing Design.

63. These goods and services not only bear the High Five Design, but they are also advertised as originating from High Five Threads through the use of its trademark.

64. By marketing Defendants' Campaign and distributing these goods to consumers throughout Michigan and disrupting the market for High Five Threads' own campaign and goods and services, Defendants' false designation of origin has had a substantial effect on the goodwill associated with High Five Threads' business and trademarks.

65. Defendants' use of High Five Threads' trademark has caused actual confusion and is likely to cause further confusion, to cause mistake, and to deceive the public by suggesting that Defendants' goods and services are authorized by, sponsored by, approved by, or affiliated with High Five Threads.

66. Defendants have profited from this consumer confusion by deceiving consumers who trust High Five Threads and diverting them from High Five Threads.

67. As a result, High Five Threads has suffered monetary damages and a loss of goodwill associated with its High Five Threads mark.

68. Consequently, Defendants' use of High Five Threads' trademark constitutes a violation of Michigan unfair competition law.

69. High Five Threads is entitled to the recovery of Defendants' profits, High Five Threads' actual damages, and the costs of this action.

70. High Five Threads is also entitled to preliminary and permanent injunctive relief.

### FOURTH CLAIM FOR RELIEF
### Copyright Infringement, MCL 429.41

71. High Five Threads restates all prior paragraphs as if fully restated herein.

72. High Five Threads owns a copyright registration for Michigan Two Hands (Copyright Reg. No. VA 0-001-844-573).

73. High Five Threads' work is widely disseminated throughout the High Five Threads website, on social media, and on physical products.

74. Defendants had access to High Five Threads' works.

75. Defendants have reproduced prepared derivative works of, distributed copies of, and displayed publicly works that are near identical copies of, and substantially similar to the High Five Design.

76. As a result of Defendants' infringement, High Five Threads has suffered monetary damages.

77. High Five Threads is entitled to the recovery of, at its election, statutory damages, actual damages, Defendants' profits, and the costs of this action.

78. High Five Threads is also entitled to its attorneys' fees pursuant to. 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, High Five Threads respectfully asks that the Court enter the following judgment in High Five Threads' favor on each claim for relief above and award it relief, including, but not limited to, the following against Defendants:

A.  An injunction preliminarily and permanently enjoining Defendants and their affiliates, subsidiaries, employees, agents, partners, officers, directors, owners, retailers, wholesalers, manufacturers, distributors, vendors, online vendors, assigns, and all persons in participation with any of them from using, displaying, and/or registering the High Five Design, the Infringing Design, or any other confusingly similar iteration thereof ("Infringing Trademarks"), for retail store services, online retail store services, any economic give back campaign, or any consumer goods;

B.  An order directing Defendants to remove all online and physical advertising or other use of the Infringing Trademarks, including all website, social media or other internet accounts, physical signage, digital and print marketing items, stickers and consumer goods, or other use, and to confirm such removal in writing to High Five Threads;

C.  An order directing Defendants to destroy all advertising, products, packaging, and items in its possession or within its control that bear the Infringing Trademarks, and to confirm such destruction in writing to High Five Threads;

D.      An order directing Defendants to file with this Court and serve on High Five Threads' counsel, within thirty (30) days of the date of any injunction, a written report made under oath setting forth a detailed description of its compliance with the injunction and other orders issued by the Court;

E.      An order directing Defendants to pay to High Five Threads, at its election, its actual damages, lost profits, consequential damages, exemplary damages, statutory damages, treble damages, and any other damages allowable under law;

F.      That the Court award High Five Threads its costs and attorneys' fees, and;

G.      That the Court award High Five Threads any other relief to which it is entitled.

## JURY DEMAND

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Dated: July 2, 2020

/s/  Amanda Osorio
Amanda Osorio (P79006)
John Di Giacomo (P73056)
Eric Misterovich (P73422)
Revision Legal, PLLC
*Attorneys for Plaintiff*
1514 Wealthy St. Ste 258
Grand Rapids, Mi 49506
616-258-6770
Amanda@revisionlegal.com
John@revisionlegal.com
Eric@revisionlegal.com